UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

BARRY ANDREWS,

                                         Plaintiff,

                                                                                       Case # 21-CV-6733-FPG

v.

                                                                                      DECISION AND ORDER

THE CITY OF ROCHESTER, et al.,

                                         Defendants.
───────────────────────────────────

## INTRODUCTION

This is one of many cases pending before the Court that arises out of protests that erupted in the City of Rochester in September 2020 following the release of news that Daniel Prude, an unarmed black man, died during an encounter with police in March 2020. Plaintiff Barry Andrews—a protestor who alleges he was injured and handcuffed during the protests—filed this action against the City of Rochester ("City"), Rochester Police Department ("RPD") Officer Colin Blind, and RPD Commander Fabian Rivera. ECF No. 1.

Plaintiff raises five claims in the Complaint: (1) federal constitutional violations under 42 U.S.C. § 1983, against Blind and Rivera; (2) New York State constitutional violations against Defendants; (3) battery against the City and Blind; (4) false imprisonment against the City and Blind; and (5) malicious prosecution against the City and Rivera.

On January 27, 2022, Defendants filed a motion to dismiss the First and Second Claims. ECF No. 2. The motion is now fully briefed.

## FACTUAL BACKGROUND

Plaintiff participated in large public demonstrations on the night on September 4-5, 2020. That night, while Plaintiff was peacefully protesting, Blind "tackeled [sic] and violently assaulted Plaintiff," causing him severe injuries. ECF No. 1 ¶¶ 12-14. Blind "prepared a Subject Resistance

1

Report falsely claiming that Plaintiff was seen throwing rocks at RPD officers and falsely claiming that Plaintiff resisted arrest." *Id.* ¶ 16.  Rivera falsely accused Plaintiff of causing a riot and assaulting officers and initiated a criminal prosecution by signing a false complaint charging Plaintiff with Riot in the First Degree.  *Id.* ¶¶ 17-18.  Plaintiff was forced to return to court to defend himself of these charges until the charges were dismissed on September 28, 2020.  *Id.* ¶¶ 19-20.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief is plausible when the plaintiff pleads facts sufficient to allow the Court to draw reasonable inferences that the defendant is liable for the alleged misconduct.  *Id.*  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).  At the same time, the Court is not required to credit "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . [with] a presumption of truthfulness."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal citations and quotations omitted).  The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedures 8(a) and 12(b)(6) is plausibility."  *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61).  To meet this plausibility standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

Defendants move to dismiss Plaintiff's First and Second Claims, which allege federal and state constitutional violations, respectively.

Plaintiff's First and Second Claims are impermissible "catch all" civil rights claims. In the First Claim, Plaintiff alleges that Defendants "deprived Plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments." ECF No. 1 ¶ 27. Plaintiff then alludes to the "right to be free from unreasonable searches and seizures, the right to be free from arrest without probable cause, the right to be free from deprivation of liberty and property without due process of law, the right to be free from detention and prosecution without probable cause, and the right to a fair trial." *Id.* In the Second Claim, Plaintiff alleges that Defendants deprived "Plaintiff of the rights, privileges, and immunities guaranteed by Article 1 §§ 1, 6, and 12 of the New York State Constitution." *Id.* ¶ 32.

These allegations lump together multiple legal theories without tethering them to any facts. They are vague, conclusory, and fail to give Defendants fair notice of the claims' bases. *Scott v. City of Rochester*, No. 17-CV-6359-FPG, 2018 WL 4681626, at *2 (W.D.N.Y. Sept. 28, 2018) (dismissing a "catch all" civil rights claim because it was vague, conclusory, and failed to give defendants fair notice of the claim's basis).

Accordingly, the First and Second Claims are DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

For the reasons explained above, the Defendants' motion to dismiss, ECF No. 10, is GRANTED. The First Claim (federal constitutional violations) and the Second Claim (New York State constitutional violations) are DISMISSED. The following claims may proceed:

(3) battery against the City and Blind;

3

(4) false imprisonment against the City and Blind; and

(5) malicious prosecution against the City and Rivera.

A status conference is scheduled in all protest-related cases for July 21, 2022, at 3:30 p.m.

IT IS SO ORDERED.

Dated: June 30, 2022
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York