**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE WOODWARD,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>  -against-<br><br>THE CITY OF ROCHESTER, a municipal entity, RICHARD ARROWOOD, STEPHANIE BURGSTROM, ERIC SCHIFFMAN, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,<br><br>　　　　　　　　　　　Defendants. | Case No. 21-cv-6685<br><br>**Responding Memorandum of Law** |

## Introduction

Defendants County of Monroe (the "County"), Sheriff Todd Baxter ("Sheriff Baxter"), and "Richard Roes" 1-200 (purportedly Monroe County Sheriff's Deputies) (collectively, the "County Defendants") submit this memorandum in response and opposition to the Plaintiff's motion for reconsideration of the portion of this Court's decision and order dismissing the Plaintiff's 11th and 12th causes of action, pursuant to the Americans With Disabilities Act and the Rehabilitation Act, as to the County Defendants. The County Defendants respectfully submit that those causes of action were properly considered and dismissed and that Plaintiff's motion for reconsideration should be denied.

## Argument

The County Defendants respectfully submit that the Plaintiff's motion for reconsideration should be dismissed because it does not raise any new issues that were not addressed during motion practice:

> Federal Rule of Civil Procedure 60 governs relief from a court judgment or order. Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.' *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). 'A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). It is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.' *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, a party may not merely offer the same 'arguments already briefed, considered and decided' or 'advance new facts, issues or arguments not previously presented to the Court.' *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

*Duran v. County. of Monroe*, No. 19-CV-6341-FPG, 2020 WL 1180750, at *1 (W.D.N.Y. Mar. 12, 2020) (Geraci, J.).

Here the Defendants argued in their motion to dismiss that the complaint did not factually support the ADA and Rehabilitation Act claims against the County Defendants, and the Plaintiff responded by pointing out specific portions of the complaint that it was alleged provided sufficient support for the Plaintiff's claims. *See* ECF 20 at 5-6. In the motion response Plaintiff specifically pointed out the allegations of paragraphs 4, 5, 6, 7, 9, 121, 240, 248, and 249 of the amended complaint. *See id.*

Plaintiff's motion for reconsideration restates the very same paragraphs of the complaint twice, (*see* ECF 36-1 at 2-3 and 6-7) but does not make any new argument as to how those allegations sufficiently make out a claim against the County Defendants. Specifically, the Plaintiff was in the custody of the City Defendants at the time of these allegations, and there are no facts alleged to show that the County Defendants were in any way made aware of the need to transport the Plaintiff, or in any way were actually unable to transport the Plaintiff. The mere fact that the County allegedly transported other people arrested by the City is insufficient to show that the County had anything to

2

do at all with the alleged failure to transport the Plaintiff. In fact the complaint alleges a discussion between City Defendants about transport of the Plaintiff (*see* ECF 12 at ¶ 120), but there is no factual allegation that any County Defendant was in any way involved in such discussions. While the Plaintiff has added some additional case law to the arguments on the motion to reconsider, the Plaintiff has still failed to show how those cases mean that the same factual allegations that were already considered should be viewed in a different light.

## CONCLUSION:

Therefore Plaintiff's motion for reconsideration adds nothing new to the arguments made during motion practice and it is respectfully submitted that the motion should be denied.

December 19, 2022            **JOHN P. BRINGEWATT**
                                           **MONROE COUNTY ATTORNEY**
                                           *Attorney for the County Defendants*

                                                 *s/ Adam M. Clark*

                                           Adam M. Clark
                                           Deputy County Attorney
                                           307 County Office Building, 39 W. Main Street
                                           Rochester, New York 14614
                                           585.753.1374
                                           adamclark@monroecounty.gov